EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
JULIUS J. NAM (Cal. Bar No. 288961)
Assistant United States Attorney
General Crimes Section
     1500/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7280/4491
     Facsimile: (213) 894-7631/0141
     E-mail:   judith.heinz@usdoj.gov
     E-mail:   julius.nam@usdoj.gov
DEIRDRE Z. ELIOT (Cal. Bar No. 145007)
Assistant United States Attorney
Terrorism and Export Crimes Section
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3599
     Facsimile: (714) 338-3564
     E-mail:   deirdre.eliot@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOURTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>NADER SALEM ELHUZAYEL and MUHANAD ELFATIH M. A. BADAWI,<br><br>         Defendants. | No. SA CR 15-00060(A)-DOC<br><br>JOINT PROPOSED JURY INSTRUCTIONS<br><br>[ANNOTATED SET]<br><br>Trial Date: June 7, 2016<br>Trial Time: 8:00 a.m.<br>Location:   Courtroom of the<br>            Hon. David O. Carter |

The United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and undersigned counsel, hereby submits the parties' joint proposed jury instructions for the above-captioned case, and respectfully requests the Court to include the attached instructions in its charge to the jury, in addition to the Court's general instructions.

Counsel for the parties have met and conferred and agreed to these proposed instructions.

The parties anticipate that they may seek to delete such instructions or add alternative or additional instructions as may become appropriate.

Dated: May 31, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division


_____/S/_____
JUDITH A. HEINZ
Assistant United States Attorney
Senior Litigation Counsel
National Security Division


_____/S/_____
DEIRDRE Z. ELIOT
Assistant United States Attorney
Terrorism and Export Crimes Section


_____/S/_____
JULIUS J. NAM
Assistant United States Attorney
General Crimes Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

INDEX TO THE JOINT PROPOSED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of Jury | Ninth Circuit Model Jury Instructions, Criminal, No. 1.1 (2010 ed.) [Duty of Jury] | 1 |
| 2 | The Charge – Presumption of Innocence | Ninth Circuit Model Jury Instructions, Criminal, No. 1.2 (2010 ed.) [The Charge – Presumption of Innocence (modified to reflect multiple defendants and to reflect first superseding indictment)] | 2 |
| 3 | What is Evidence | Ninth Circuit Model Jury Instructions, Criminal, No. 1.3 (2010 ed.) [What is Evidence] | 3 |
| 4 | What is Not Evidence | Ninth Circuit Model Jury Instructions, Criminal, No. 1.4 (2010 ed.) [What is Not Evidence] | 4 |
| 5 | Direct and Circumstantial Evidence | Ninth Circuit Model Jury Instructions, Criminal, No. 1.5 (2010 ed.) [Direct and Circumstantial Evidence] | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Jury Instructions, Criminal, No. 1.6 (2010 ed.) [Ruling on Objections] | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Jury Instructions, Criminal, No. 1.7 (2016 rev.) [Credibility of Witnesses] | 7 |
| 8 | Conduct of the Jury | Ninth Circuit Model Jury Instructions, Criminal, No. 1.8 (2010 ed.) [Conduct of the Jury] | 8-9 |
| 9 | No Transcript Available to Jury | Ninth Circuit Model Jury Instructions, Criminal, No. 1.9 (2010 ed.) [No Transcript Available to Jury] | 10 |
| 10 | Taking Notes | Ninth Circuit Model Jury Instructions, Criminal, No. 1.10 (2010 ed.) [Taking Notes] | 11 |
| 11 | Outline of Trial | Ninth Circuit Model Jury Instructions, Criminal, No. 1.11 (2010 ed.) [Outline of Trial] | 12 |

i

| No. | Title | Source | Page |
|---|---|---|---|
| 12 | Jury to Be Guided by Official English Translation/Interpretation | Ninth Circuit Model Jury Instructions, Criminal, No. 1.12 (2010 ed.) [Jury to Be Guided by Official English Translation/Interpretation] | 13 |
| 13 | Separate Consideration for Each Defendant | Ninth Circuit Model Jury Instructions, Criminal, No. 1.13 (2010 ed.) [Separate Consideration for Each Defendant] | 14 |
| 14 | Cautionary Instruction—First Recess | Ninth Circuit Model Jury Instructions, Criminal, No. 2.1 (2010 ed.) [Cautionary Instruction — First Recess] | 15 |
| 15 | Bench Conferences and Recesses | Ninth Circuit Model Jury Instructions, Criminal, No. 2.2 (2010 ed.) [Bench Conferences and Recesses] | 16 |
| 16 | Stipulated Testimony | Ninth Circuit Model Jury Instructions, Criminal, No. 2.3 (2010 ed.) [Stipulated Testimony] | 17 |
| 17 | Stipulations of Fact | Ninth Circuit Model Jury Instructions, Criminal, No. 2.4 (2010 ed.)[Stipulations of Fact] | 18 |
| 18 | Transcript of Recording in English/Foreign Language | Ninth Circuit Model Jury Instructions, Criminal, Nos. 2.7 [Transcript of Recording in English] and 2.8 [Transcript of Recording in Foreign Language] (2010 ed.) (modified to explain the subtitles/transcripts/translations of video and audio recordings in this case); see United States v. Fuentes-Montijo, 68 F.3d 352, 355-56 (9th Cir. 1995); United States v. Franco, 136 F.3d 622, 626 (9th Cir. 1998); United States v. Turner, 528 F.2d 143, 167-68 (9th Cir. 1975) | 19 |
| 19 | Foreign Language Testimony | Ninth Circuit Model Jury Instructions, Criminal, No. 2.9 (2010 ed.) [Foreign Language Testimony] | 20 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 20 | Evidence for Limited Purpose | Ninth Circuit Model Jury Instructions, Criminal, No. 2.11 [Evidence for Limited Purpose]; see United States v. Fernandez, 388 F.3d 1199, 1243 (9th Cir. 2004) (limiting instruction can cure potential prejudice in a joint trial) | 21 |
| 21 | Duties of Jury to Find Facts and Follow Law | Ninth Circuit Model Jury Instructions, Criminal, No. 3.1 (2010 ed.) [Duties of Jury to Find Facts and Follow Law] | 22 |
| 22 | Charge against Defendant Not Evidence – Presumption of Evidence – Burden of Proof | Ninth Circuit Model Jury Instructions, Criminal, No. 3.2 (2010 ed.) [Charge against Defendant Not Evidence – Presumption of Evidence – Burden of Proof (modified to reflect first superseding indictment and multiple charges)] | 23 |
| 23 | Defendant's Decision Not to Testify | Ninth Circuit Model Jury Instructions, Criminal, No. 3.3 (2010 ed.) [Defendant's Decision Not to Testify] | 24 |
| 24 | Defendant's Decision to Testify | Ninth Circuit Model Jury Instructions, Criminal, No. 3.4 (2010 ed.) [Defendant's Decision to Testify] | 25 |
| 25 | Reasonable Doubt – Defined | Ninth Circuit Model Jury Instructions, Criminal, No. 3.5 (2013 rev.) [Reasonable Doubt – Defined] | 26 |
| 26 | What Is Evidence | Ninth Circuit Model Jury Instructions, Criminal, No. 3.6 (2010 ed.) [What Is Evidence] | 27 |
| 27 | What Is Not Evidence | Ninth Circuit Model Jury Instructions, Criminal, No. 3.7 (2010 ed.) [What Is Not Evidence] | 28 |
| 28 | Direct and Circumstantial Evidence | Ninth Circuit Model Jury Instructions, Criminal, No. 3.8 (2010 ed.) [Direct and Circumstantial Evidence] | 29 |
| 29 | Credibility of Witnesses | Ninth Circuit Model Jury Instructions, Criminal, No. 3.9 (2010 ed.) [Credibility of Witnesses] | 30 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 30 | Activities Not Charged | Ninth Circuit Model Jury Instructions, Criminal, No. 3.10 (2014 rev.) [Activities Not Charged (modified to reflect first superseding indictment and multiple charges)] | 31 |
| 31 | Separate Consideration of Multiple Counts — Multiple Defendants | Ninth Circuit Model Jury Instructions, Criminal, No. 3.13 (2010 ed.) [Separate Consideration of Multiple Counts — Multiple Defendants] | 32 |
| 32 | Jury to be Guided by Official English Translation/ Interpretation | Ninth Circuit Model Jury Instructions, Criminal, No. 3.19 (2010 ed.) [Jury to be Guided by Official English Translation/Interpretation (modified to reflect translation is not official Court translation but one agreed upon by the parties)] | 33 |
| 33 | On or About Defined | Ninth Circuit Model Jury Instructions, Criminal, No. 3.20 (2015 rev.) [On or About Defined (modified to reflect multiple counts in the first superseding indictment)] | 34 |
| 34 | Statements by Defendant | Ninth Circuit Model Jury Instructions, Criminal, No. 4.1 (2010 ed.) [Statements by Defendant] | 35 |
| 35 | Opinion Evidence, Expert Witness | Ninth Circuit Model Jury Instructions, Criminal, No. 4.14 (2015 rev.) [Opinion Evidence, Expert Witness] | 36 |
| 36 | Dual Role Testimony | Ninth Circuit Model Jury Instructions, Criminal, No. 4.14A (2015 rev.) [Dual Role Testimony] | 37 |
| 37 | Summaries Not Received in Evidence | Ninth Circuit Model Jury Instructions, Criminal, No. 4.15 (2010 ed.) [Summaries Not Received in Evidence] | 38 |
| 38 | Charts and Summaries In Evidence | Ninth Circuit Model Jury Instructions, Criminal, No. 4.16 (2010 ed.) [Charts and Summaries In Evidence] (This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary) | 39 |

iv

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 39 | Knowingly Defined | Ninth Circuit Model Jury Instructions, Criminal, No. 5.6 (2014 rev.) [Knowingly Defined] | 40 |
| 40 | Conspiracy – Elements | Ninth Circuit Model Jury Instructions, Criminal, No. 8.20 (2015 rev.) [Conspiracy – Elements (modified to reflect first superseding indictment)]; 18 U.S.C. §§ 2339B(a), (d), (g)(6), (h); 18 U.S.C. § 2339A(b)(1); 8 U.S.C. § 1182(a)(3)(B); 18 U.S.C. § 2339B (citing 22 U.S.C. § 2656f); Nat'l Labor Relations Bd. v. E.C. Atkins & Co., 331 U.S. 398, 406 n.2 (1947) (taking judicial notice of document issued pursuant to an Executive Order); Fed. R. Evid. 201(a) (rule applies only to adjudicative fact only, not legislative fact); United States v. Gould, 536 F.2d 216, 218-221 (8th Cir. 1976) (upholding in criminal case district court's instruction to jury of conclusive legislative fact-that cocaine is classified as a schedule II substance) | 41-44 |
| 41 | Conspiracy - Knowledge of and Association With Other Conspirators | Ninth Circuit Model Jury Instructions, Criminal, No. 8.23 (2010 ed.) [Conspiracy - Knowledge of and Association With Other Conspirators] | 45 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 42 | Attempt – Elements | Ninth Circuit Model Jury Instructions, Criminal, No. 5.3 (2010 ed.) [Attempt – Elements (modified to reflect first superseding indictment and to clarify the crime towards which a substantial step was taken)]; 18 U.S.C. §§ 2339B(a), (d), (g)(6), (h); 18 U.S.C. § 2339A(b)(1); 8 U.S.C. § 1182(a)(3)(B); 18 U.S.C. § 2339B (citing 22 U.S.C. § 2656f) | 46 |
| 43 | Aiding and Abetting – Elements | Ninth Circuit Model Jury Instructions, Criminal, No. 5.1 (2015 rev.) [Aiding and Abetting – Elements]; 18 U.S.C. §§ 2339B(a), (d), (g)(6), (h); 18 U.S.C. § 2339A(b)(1); 8 U.S.C. § 1182(a)(3)(B); 18 U.S.C. § 2339B (citing 22 U.S.C. § 2656f) | 47–48 |
| 44 | Providing Material Support to Foreign Terrorist Organization – Elements | 18 U.S.C. § 2339B | 49 |
| 45 | Bank Fraud – Scheme to Defraud Bank | Ninth Circuit Model Jury Instructions, Criminal, No. 8.125 (2015 rev.) [Bank Fraud – Scheme to Defraud Bank]; United States v. Shaw, 781 F.3d 1130, 1133 (9th Cir. 2015) | 50 |

vi

| No. | Title | Source | Page |
|---|---|---|---|
| 46 | Financial Aid Fraud – Elements | 20 U.S.C. § 1097(a)(stating elements of the offense); 20 U.S.C. § 1070a (effective July 1, 2012 to December 15, 2014, establishing that federal Pell Grants are provided under subchapter IV of Chapter 28 of United States Code Title 20); Nat'l Labor Relations Bd. v. E.C. Atkins & Co., 331 U.S. 398, 406 n.2 (1947) (taking judicial notice of document issued pursuant to an Executive Order); Fed. R. Evid. 201(a) (rule applies only to adjudicative fact only, not legislative fact); United States v. Gould, 536 F.2d 216, 218-221 (8th Cir. 1976) (upholding in criminal case district court's instruction to jury of conclusive legislative fact-that cocaine is classified as a schedule II substance); Bates v. United States, 522 U.S. 23, 25 (1997) (holding "that specific intent to injure or defraud someone, whether the United States or another, is not an element of the misapplication of funds proscribed by § 1097(s)); United States v. Bailie, 99 F.3d 1147, *1-*4 & n.1 (9th Cir. 1996) (unpublished) | 51–52 |
| 47 | Duty to Deliberate | Ninth Circuit Model Jury Instructions, Criminal, No. 7.1 (2010 ed.) [Duty to Deliberate] | 53 |
| 48 | Consideration of Evidence - Conduct of the Jury | Ninth Circuit Model Jury Instructions, Criminal, No. 7.2 (2010 ed.) [Consideration of Evidence - Conduct of the Jury] | 54–55 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 49 | Use of Notes | Ninth Circuit Model Jury Instructions, Criminal, No. 7.3 (2010 ed.) [Use of Notes] | 56 |
| 50 | Jury Consideration of Punishment | Ninth Circuit Model Jury Instructions, Criminal, No. 7.4 (2010 ed.) [Jury Consideration of Punishment (modified to reflect first superseding indictment)] | 57 |
| 51 | Verdict Form | Ninth Circuit Model Jury Instructions, Criminal, No. 7.5 (2010 ed.) [Verdict Form] | 58 |
| 52 | Communication with Court | Ninth Circuit Model Jury Instructions, Criminal, No. 7.6 (2010 ed.) [Communication with Court] | 59 |

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be — that is entirely up to you.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 1.1
          (2010 ed.) [Duty of Jury]

1

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government against two defendants.  The government charges the defendants with five offenses: conspiracy to provide material support or resources to a foreign terrorist organization; attempt to provide material support or resources to a foreign terrorist organization; aiding and abetting an attempt to provide material support or resources to a foreign terrorist organization; bank fraud; and financial aid fraud. The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendants.  The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 1.2 (2010 ed.) [The Charge – Presumption of Innocence (modified to reflect multiple defendants and to reflect first superseding indictment)]

2

COURT'S INSTRUCTION NO. \_\_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 1.3 (2010 ed.) [What is Evidence]

3

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 1.4 (2010 ed.) [What is Not Evidence]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 1.5
           (2010 ed.) [Direct and Circumstantial Evidence]

5

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 1.6
          (2010 ed.) [Ruling on Objections]

6

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 1.7 (2016 rev.) [Credibility of Witnesses]

7

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch,

8

or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 1.8
          (2010 ed.) [Conduct of the Jury]

9

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 1.9 (2010 ed.) [No Transcript Available to Jury]

10

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 1.10
          (2010 ed.) [Taking Notes]

11

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 1.11
           (2010 ed.) [Outline of Trial]

12

COURT'S INSTRUCTION NO. ＿＿

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

Languages other than English will be used for some evidence during this trial.  When a witness testifies in another language, the witness will do so through an official court interpreter.  When recorded or documentary evidence is presented in another language, there will be a translation of the foreign-language evidence.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation and translation provided through the interpreters and translations.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation and translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 1.12 (2010 ed.) [Jury to Be Guided by Official English Translation/Interpretation (revised to reflect use of translations other than official Court translations)]

13

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against the other defendant.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 1.13
           (2010 ed.) [Separate Consideration for Each Defendant]

14

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.  If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 2.1
           (2010 ed.) [Cautionary Instruction — First Recess]

15

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.  We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 2.2
           (2010 ed.) [Bench Conferences and Recesses]

16

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 2.3 (2010 ed.) [Stipulated Testimony]

17

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 2.4 (2010 ed.) [Stipulations of Fact]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

You are about to [hear] [watch] a recording that has been received in evidence.  The recording contains subtitles that are being provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recording is the evidence, not the subtitles.  If you hear something different from what appears in the subtitles, what you heard is controlling.

However, some words, phrases or sentences in this recording are in the Arabic language.  The subtitles contain English-language translations of the Arabic-language words, phrases or sentences.  These English translations are indicated in the subtitles by italics or brackets, and they have been admitted into evidence.  Although some of you may know the Arabic language, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translations contained in the subtitles even if you would translate it differently.

Listen carefully; the subtitles or transcripts of the recordings will not be available during your deliberations.

Source:    Ninth Circuit Model Jury Instructions, Criminal, Nos. 2.7 [Transcript of Recording in English] and 2.8 [Transcript of Recording in Foreign Language] (2010 ed.) (modified to explain the subtitles/transcripts/translations of video and audio recordings in this case); see United States v. Fuentes-Montijo, 68 F.3d 352, 355-56 (9th Cir. 1995); United States v. Franco, 136 F.3d 622, 626 (9th Cir. 1998); United States v. Turner, 528 F.2d 143, 167-68 (9th Cir. 1975)

19

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

You are about to hear testimony of a witness who will be testifying in the [Korean] [Vietnamese] language.  This witness will testify through the official court interpreter.  Although some of you may know the [Korean] [Vietnamese] language, it is important that all jurors consider the same evidence.  Therefore, you must accept the official English interpretation of the witness's testimony even if you would interpret it differently.  In this way, all jurors are considering the same evidence.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 2.9 (2010 ed.) [Foreign Language Testimony]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Source:    Ninth Circuit Model Jury Instructions, Criminal, Nos. 2.11 (2010 ed.) [Evidence for Limited Purpose]; see United States v. Fernandez, 388 F.3d 1199, 1243 (9th Cir. 2004) (limiting instruction can cure potential prejudice in a joint trial)

21

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 3.1
          (2010 ed.) [Duties of Jury to Find Facts and Follow Law]

22

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 3.2 (2010 ed.) [Charge against Defendant Not Evidence – Presumption of Evidence – Burden of Proof (modified to reflect first superseding indictment and multiple charges)]

23

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

[If a defendant does not testify:]

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant[s] did not testify.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 3.3 (2010 ed.) [Defendant's Decision Not to Testify]

24

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 24

[If a defendant testifies:]

A defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 3.4 (2010 ed.) [Defendant's Decision to Testify]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 25

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 3.5
           (2013 rev.) [Reasonable Doubt – Defined]

26

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 26

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence[.] [; and,]

[(3) any facts to which the parties have agreed.]

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 3.6
           (2010 ed.) [What Is Evidence]

27

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 27

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

(1)  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

(3)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 3.7
          (2010 ed.) [What Is Not Evidence]

28

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 28

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Sources:  Ninth Circuit Model Jury Instructions, Criminal, No. 3.8 (2010 ed.) [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness's opportunity and ability to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 3.9 (2010 ed.) [Credibility of Witnesses]

30

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 30

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

Source:     Ninth Circuit Model Jury Instructions, Criminal, No. 3.10 (2014 rev.) [Activities Not Charged (modified to reflect first superseding indictment and multiple charges)]

31

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to one defendant should not control your verdict on any other count or as to the other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that is applies only to a specific defendant or count.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 3.13
           (2010 ed.) [Separate Consideration of Multiple Counts —
           Multiple Defendants]

32

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 32

The Arabic, Korean, and Vietnamese languages have been used during this trial.  The evidence you are to consider is only that provided through the English-language translations admitted into evidence, and through the official court interpreters.  Although some of you may know the Arabic, Korean, and/or Vietnamese languages, it is important that all jurors consider the same evidence.  Therefore, you must accept the evidence presented in the English translation and interpretation and disregard any different meaning.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 3.19
           (2010 ed.) [Jury to be Guided by Official English
           Translation/Interpretation (modified to reflect
           translation is not official Court translation)]

33

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

The indictment charges that the offenses alleged in the indictment were committed on or about a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 3.20
           (2015 rev.) [On or About Defined (modified to reflect
           multiple counts in the first superseding indictment)]

34

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 4.1 (2010 ed.) [Statements by Defendant]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 4.14
           (2015 rev.) [Opinion Evidence, Expert Witness]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 36

You [have heard] [are about to hear] testimony from [name of witness] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 4.14A
          (2015 rev.) [Dual Role Testimony]

37

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 4.15 (2010 ed.) [Summaries Not Received in Evidence]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 38

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 4.16 (2010 ed.) [Charts and Summaries In Evidence] (This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary)

39

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 39

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 5.6
          (2014 rev.) [Knowingly Defined]

40

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 40

Each defendant is charged in Count One of the indictment with conspiracy to provide material support and resources to the Islamic State of Iraq and the Levant ("ISIL"), also known as the Islamic State of Iraq and Syria ("ISIS"), al-Qa'ida in Iraq, and the Islamic State, a designated foreign terrorist organization, in violation of Section 2339B of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a date unknown and ending on or about May 21, 2015, there was an agreement between two or more persons to provide material support or resources to a designated foreign terrorist organization;

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it;

Third, the defendant knew that ISIL, also known as ISIS, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism; and

Fourth, the offense occurred in whole or in part in the United States.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

//

//

(continued on next page)

41

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to provide material support or resources to a designated foreign terrorist organization as the object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

The terms "material support or resources" include any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safe houses, false documentation or identification, communications equipment,

//

//

(continued on next page)

42

facilities, weapons, lethal substances, explosives, personnel, and transportation.  It does not include medicine or religious materials.

Here, the government has alleged that the "material support or resources" was personnel, specifically, defendant Nader Salem Elhuzayel.  The term "personnel" means one or more persons, which can include the defendant's own person.  However, no person can be convicted for a violation of this statute in connection with providing personnel unless that person has knowingly conspired to provide a foreign terrorist organization with one or more individuals (who may include the defendant) to work under that terrorist organization's direction or control.  Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives are not considered to be working under the foreign terrorist organization's direction and control.

The term "foreign terrorist organization" has a particular meaning under this statute.  In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law.  I instruct you that ISIL, also known as ISIS, has been so designated by the Secretary of State and was so designated by the Secretary of State throughout the period covered by the indictment.

The term "terrorist activity" includes any activity that, if it had been committed in the United States, would be unlawful under the

//

//

(continued on next page)

43

laws of the United States or any State and that involves a threat, attempt, or conspiracy to use any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 8.20 (2015 rev.) [Conspiracy – Elements (modified to reflect first superseding indictment)]; 18 U.S.C. §§ 2339B(a), (d), (g)(6), (h); 18 U.S.C. § 2339A(b)(1); 8 U.S.C. § 1182(a)(3)(B); 18 U.S.C. § 2339B (citing 22 U.S.C. § 2656f); Nat'l Labor Relations Bd. v. E.C. Atkins & Co., 331 U.S. 398, 406 n.2 (1947) (taking judicial notice of document issued pursuant to an Executive Order); Fed. R. Evid. 201(a) (rule applies only to adjudicative fact only, not legislative fact); United States v. Gould, 536 F.2d 216, 218-221 (8th Cir. 1976) (upholding in criminal case district court's instruction to jury of conclusive legislative fact - that cocaine is classified as a schedule II substance)

44

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 41

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 8.23
           (2010 ed.) [Conspiracy – Knowledge of and Association With
           Other Conspirators]

45

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 42

Defendant Nader Salem Elhuzayel is charged in Count Two of the indictment with attempting to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), that is, personnel, namely himself, to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant ("ISIL"), also known as the Islamic State of Iraq and Syria ("ISIS"), al-Qa'ida in Iraq, and the Islamic State, in violation of Section 2339B of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to provide material support or resources to a foreign terrorist organization; and

Second, the defendant did something that was a substantial step toward committing the crime of providing material support or resources to a foreign terrorist organization.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 5.3 (2010 ed.) [Attempt – Elements (modified to reflect first superseding indictment and to clarify the crime towards which a substantial step was taken)]; 18 U.S.C. §§ 2339B(a), (d), (g)(6), (h); 18 U.S.C. § 2339A(b)(1); 8 U.S.C. § 1182(a)(3)(B); 18 U.S.C. § 2339B (citing 22 U.S.C. § 2656f)

46

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 43

Defendant Muhanad Elfatih M. A. Badawi is charged in Count Three of the indictment with aiding and abetting an attempt to provide material support or resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), that is, personnel, namely, defendant Nader Salem Elhuzayel, to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant ("ISIL"), also known as the Islamic State of Iraq and Syria ("ISIS"), al-Qa'ida in Iraq, and the Islamic State, in violation of Section 2339B of Title 18 of the United States Code.

A defendant may be found guilty of attempting to provide material support or resources to a designated foreign terrorist organization, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of attempting to provide material support or resources to a designated foreign terrorist organization by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, the crime of attempting to provide material support or resources to a designated foreign terrorist organization was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the attempt to provide material support or resources to a designated foreign terrorist organization;

//

(continued on next page)

47

Third, the defendant acted with the intent to facilitate the attempt to provide material support or resources to a designated foreign terrorist organization; and

Fourth, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit attempting to provide material support or resources to a designated foreign terrorist organization.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 5.1 (2015 rev.) [Aiding and Abetting – Elements]; 18 U.S.C. §§ 2339B(a), (d), (g)(6), (h); 18 U.S.C. § 2339A(b)(1); 8 U.S.C. § 1182(a)(3)(B); 18 U.S.C. § 2339B (citing 22 U.S.C. § 2656f)

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 44

As I have instructed you, defendant Nader Salem Elhuzayel is charged with attempting to provide material support and resources to a foreign terrorist organization, and defendant Muhanad Elfatih M. A. Badawi is charged with aiding and abetting an attempt to provide material support and resources to a foreign terrorist organization. So that you understand the crime that defendant Elhuzayel is charged with attempting, and defendant Badawi is charged with aiding and abetting an attempt, I will now instruct you about the crime of providing material support or resources to a foreign terrorist organization. In order for a defendant to be found guilty of that crime, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant provided material support or resources;

Second, the defendant provided this support or resources to a foreign terrorist organization;

Third, the defendant acted knowingly;

Fourth, the defendant knew that the Islamic State of Iraq and the Levant ("ISIL"), also known as the Islamic State of Iraq and Syria ("ISIS"), was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism; and

Fifth, the offense occurred in whole or in part in the United States.

Source:   18 U.S.C. § 2339B

49

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 45

Defendant Nader Salem Elhuzayel is charged in Counts Four through Twenty-Nine of the indictment with bank fraud, in violation of Title 18, United States Code, Section 1344.  In order for a defendant to be found guilty of these charges, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly executed a scheme to defraud a financial institution as to a material matter;

Second, the defendant did so with the intent to defraud the financial institution; and

Third, the financial institution was insured by the Federal Deposit Insurance Corporation.

The phrase "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive, cheat, or deprive a financial institution of something of value.  It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud. It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution.  Finally, it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

An intent to defraud is an intent to deceive or cheat.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 8.125 (2015 rev.) [Bank Fraud – Scheme to Defraud Bank]; United States v. Shaw, 781 F.3d 1130, 1133 (9th Cir. 2015)

50

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 46

Defendant Muhanad Elfatih M. A. Badawi is charged in Count Thirty of the indictment with financial aid fraud, in violation of Title 20, United States Code, Section § 1097(a).  In order for a defendant to be found guilty of that crime, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant misapplied federal Pell Grant funds;

Second, the amount of the federal Pell Grant funds exceeded $200;

Third, the defendant did so knowingly and willfully, and

Fourth, the federal Pell Grant funds were provided and insured under subchapter IV of Chapter 28 of United States Code Title 20 or part C of subchapter I of chapter 34 of United States Code Title 42.

I instruct you that federal Pell Grant funds are provided and insured under subchapter IV of Chapter 28 of United States Code Title 20.

The word "willfully" means that the defendant committed the act voluntarily and purposely, and with knowledge that his conduct was unlawful.

A specific intent to injure or defraud someone, whether the United States or another, is not required for a conviction based on the misapplication of federal Pell Grant funds.

Source:   20 U.S.C. § 1097(a) (stating elements of the offense); 20 U.S.C. § 1070a (effective July 1, 2012 to December 15, 2014, establishing that federal Pell Grants are provided under subchapter IV of Chapter 28 of United States Code Title 20); Nat'l Labor Relations Bd. v. E.C. Atkins & Co., 331 U.S. 398, 406 n.2 (1947) (taking judicial notice of document issued pursuant to an Executive Order); Fed. R. Evid. 201(a) (rule applies only to adjudicative fact only, not legislative fact); United States v. Gould, 536 F.2d 216, 218-21 (8th Cir. 1976) (upholding in criminal case

51

district court's instruction to jury of conclusive legislative fact-that cocaine is classified as a schedule II substance); Bates v. United States, 522 U.S. 23, 25 (1997) (holding "that specific intent to injure or defraud someone, whether the United States or another, is not an element of the misapplication of funds proscribed by § 1097(s)); United States v. Bailie, 99 F.3d 1147, *1-*4 & n.1 (9th Cir. 1996) (unpublished)

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 47

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source:   Ninth Circuit Model Jury Instructions, Criminal, No. 7.1
          (2010 ed.) [Duty to Deliberate]

53

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 48

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an

//

(continued on next page)

54

opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 7.2
           (2010 ed.) [Consideration of Evidence - Conduct of the
           Jury]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 49

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 7.3 (2010 ed.) [Use of Notes]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 50

The punishment provided by law for the crimes alleged in the indictment is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 7.4
           (2010 ed.) [Jury Consideration of Punishment (modified to
           reflect first superseding indictment)]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 51

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 7.5 (2010 ed.) [Verdict Form]

58

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 52

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Source:    Ninth Circuit Model Jury Instructions, Criminal, No. 7.6 (2010 ed.) [Communication with Court]

59